# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MARQUISE LEON NELSON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00719 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **FEDERAL TRIBUNAL, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Marquise Leon Nelson, Pro Se Plaintiff.*

The plaintiff, Marquise Leon Nelson, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He apparently complains that he has served more than the term to which he was sentenced and has had his personal property confiscated by prison officials. In the heading of the Complaint, he names "Federal Tribunal, The United States of America, The State of Virginia, and The Wise County," seemingly as defendants. Compl. 1, ECF No. 1. Nelson has not prepaid the necessary filing costs to proceed with a civil rights action, so he is apparently requesting in forma pauperis status under 28 U.S.C. § 1915(g), which would allow him to pay the filing fee through installments from his inmate trust account. After review of his pleadings, I conclude that he does not qualify to do so, because of his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

Nelson states that he has been incarcerated in the custody of the Virginia Department of Corrections since 2007 but he has obtained legal documents allegedly showing that he had been sentenced to only three years and six months in prison. At some point, however, he was transferred from Augusta Correctional Center to Red Onion State Prison (Red Onion). As part of the transfer process, officials confiscated his legal materials and other personal property, and only part of his property has been returned at Red Onion. He asks for the court's help in retrieving his other property and legal materials. Nelson states, "I don't feel safe. What is happening to me right now is criminal." Compl. Attach. Aff., ECF No. 1-1.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Nelson has brought such actions or appeals on three or more prior occasions, including *Nelson v. Virginia*, No. 7:16CV00055 (W.D. Va. July 21, 2016 (dismissed with prejudice as frivolous under § 1915A(b)(1)), *appeal dismissed as frivolous,* No. 16-7030 (4th Cir. Jan. 13, 2017); and *Nelson v. Virginia,* No. 7:13CV00467 (W.D.

Va. Nov. 6, 2013) (dismissed without prejudice as frivolous pursuant to 28 U.S.C. §1915A(b)(1)).  Accordingly, Nelson may proceed without prepayment of the filing fee only if he shows that he is in imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct")).  Thus, this "imminent danger" exception "allows a three-strikes litigant to proceed [without prepayment of the filing costs] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."  *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Nelson's claims concern past occurrences — confiscations of property and legal materials at unspecified times.  He does not allege that these confiscations caused him, or are likely to cause him, any physical harm or injury.  Nor does he

allege that lack of certain legal materials in his possession has caused him to serve more prison time than the term(s) to which the trial court(s) sentenced him. Nelson's naked assertion that he feels unsafe, without any evidence to support this belief, cannot suffice to show that Nelson was in imminent danger of serious physical injury when he filed his current lawsuit for purposes of the § 1915(g) exception.

For the stated reasons, I cannot find that Nelson is eligible to proceed without prepayment of the filing fee under § 1915(g). Because he has not prepaid the $350 filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice and dismiss his accompanying motion seeking preliminary injunctive relief as moot.

A separate Final Order will be entered herewith.

DATED: January 4, 2023

/s/ JAMES P. JONES
Senior United States District Judge